IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TBNR, LLC, | § § § § | |
| Plaintiffs | § § | |
| v. | § § | Case Number: _____ |
| Hoan Mr Cau Giay | § § § | |
| Defendants | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff TBNR, LLC ("TBNR") brings this suit against Defendant Hoan Mr Cau Giay ("Giay") for cybersquatting and trademark infringement. TBNR seeks preliminary and permanent injunctions, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees, and all other reasonable and allowable relief as allowed under the law.

### I. INTRODUCTION

1. At all times since September 2015, TBNR has owned and used the domain name PRESTONSSTYLEZ.COM to operate an online retail-store selling TBNR merchandise. PRESTONSSTYLEZ.COM is the official and exclusive retail store for merchandise from YOUTUBE® star Preston Arsement, TBNR's owner.

2. TBNR owns U.S. Trademark Registration No. 6158275 for the mark "PRESTONSSTYLEZ" in International Class 035 and U.S. Trademark Registration No. 5108401 for the mark "PRESTONS STYLEZ" in International Class 035. TBNR further owns stylized flame marks registered at U.S. Trademark Registration No. 6164145 in International Class 025 and U.S. Trademark Registration No. 6164180 in International Class 035.

1

3. On or about August 4, 2021, TBNR learned of a third-party cybersquatting on confusingly similar domain names, namely, PRESTONSSTYLEEZ.COM and PRESTONSSTYLESS.COM. The websites cloned TBNR's website to attract consumers seeking TBNR's website.

4. TBNR filed a Uniform Domain-Name Dispute-Resolution Policy (UDRP) complaint, submitted to the World Intellectual Property Organization (WIPO) on August 6, 2021. After filing, the infringing websites were removed temporarily pending the UDRP proceeding. However, the websites have since reappeared, and as of the date of filing, they remain active, thus causing TBNR (and its consumers) irreparable harm.

## II. PARTIES

5. Plaintiff TBNR is a limited liability company organized under the laws of the State of Texas and is domiciled at 1143 S. Main Street in Grapevine, Texas.

6. Defendant Unknown Registrant A/K/A Hoan Mr Cau Giay ("Giay"), is an unknown person believed to be residing in Ha Noi, Ha Noi, Vietnam 100000. WIPO provided TBNR with the information provided pursuant to the UDRP complaint; however, its accuracy is not verified. Based on information and belief, Giay has engaged in substantial activity in the State of Texas in connection with the matter from which this action arises. Namely, Giay operates the infringing websites, which are available to Texas citizens. Giay can be served according to the terms of the Hague Convention by forwarding the summons and complaint to the Supreme Court of the Philippines – Office of Court Administrator, Third Floor, Old Supreme Court Building, Padre Faura Street, Ermita, Manilla 1000, Philippines.

7. Non-party Cloudflare London, LLC ("Cloudflare") is a limited liability company with offices at 101 Townsend Street in San Francisco, California 94107. Upon information and

belief, Cloudflare is the hosting service for Giay's infringing websites. Cloudflare may be served by and through its registered agent Registered Agent Solutions, Inc., 9 E. Lockerman Street, Suite 311, Dover, DE 19901.

8. Non-party Porkbun, LLC ("Porkbun") is a limited liability company organized under the laws of Florida and with its principal address at 742 Ocean Club Place, Fernandina Beach, FL 32034. On information and belief, Porkbun serves as the registrar for Giay's infringing websites. Porkbun may be served through its registered agent Peter Brual, 742 Ocean Club Place, Fernandina Beach, FL 32034.

9. Non-Party Internet Corporation for Assigned Names and Numbers (hereinafter "ICANN") is a nonprofit corporation, organized and existing under the laws of the State of California, with its principal office and place of business located in Marina del Rey, California. ICANN is responsible for coordinating the internet's domain name system. ICANN may be served through its registered agent CT Corporation System, 330 N. Brand Blvd, Glendale, CA 91203.

### III. JURISDICTION AND VENUE

10. This Court has original jurisdiction over the infringement claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

11. The Court also has diversity jurisdiction over all claims under 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between TBNR, a Texas citizen, and Giay, a subject of a foreign state.

12. Venue is proper in the United States District Court for the Northern District of Texas, Dallas division under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## IV. STATEMENT OF FACTS

*TBNR's "Prestonsstylez.com" Website*

13. TBNR is in the entertainment business. Started by Preston Arsement in 2015, TBNR provides audio-visual content to consumers across multiple internet-based platforms including the popular video-streaming website YOUTUBE®. In addition to the production of video-streaming content, TBNR owns and operates an online retail store where consumers may purchase branded merchandise bearing TBNR's registered trademarks. Through this business, TBNR employees more than sixty employees at three locations across North Texas.

14. TBNR's online retail store is found at the domain [WWW.PRESTONSSTYLEZ.COM](WWW.PRESTONSSTYLEZ.COM). TBNR registered its domain name on or about September 4, 2015 and has maintained the domain name continuously since that date.

15. Since registering that domain, TBNR has maintained a website that provides online retail store services featuring clothing, toys, electronics, bags, and other accessories bearing the registered trademarks of TBNR.

16. TBNR registered the service mark "PRESTONS STYLEZ" with the United States Patent and Trademark Office (USPTO) for "On-line retail store services featuring clothing and accessories" on or about December 27, 2016.

17. TBNR also registered the service mark "PRESTONSSTYLEZ" with the USPTO for "On-line retail store services featuring clothing, clothing accessories, drinking bottles for sports, sports bottles, sold empty, lunch bags, not of paper, decals, toy stuffed animals, towels, blanket throws, mouse pads, mobile phone accessories, namely, hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and

portable sound and video players, mobile phone accessories, namely, devices specially adapted for attaching to cellphones for use in holding business cards, credit cards, or similarly shaped articles, sunglasses, eyewear for use while operating computers or other screened devices, backpacks, and duffel bags" on or about September 22, 2020.

18. TBNR further registered its stylized flame trademark with the USPTO for "Clothing, namely, baseball caps and hats, pajama pants, jackets, beanies, sweatshirts, baseball shirts, hooded sweatshirts, t-shirts, tops as clothing, bottoms as clothing" and for "Online retail store services featuring clothing, clothing accessories, drinking bottles for sports, sports bottles, sold empty, lunch bags, not of paper, decals, toy stuffed animals, towels, blanket throws, mouse pads, mobile phone accessories, namely, hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players, mobile phone accessories, namely, devices specially adapted for attaching to cellphones for use in holding business cards, credit cards, or similarly shaped articles, sunglasses, eyewear for use while operating computers or other screened devices, backpacks, duffel bags" on or about September 29, 2020.

19. At all times since September 2015, TBNR has used its mark on and with its domain name for the services identified in the trademark registration certificates. Because TBNR has registered these marks, it is entitled to a legal presumption of ownership of the marks and the exclusive right to use the marks in commerce on or in connection with the services listed in the registrations. *See* 15 U.S.C. §§1057(b), 1115(a).

20. Through TBNR's website, it averages approximately three hundred online sales a day.

*Giay's Cloned Websites and Typo-Squatting*

21. On or about August 3, 2021, Giay registered the domain names WWW.PRESTONSSTYLEEZ.COM and WWW.PRESTONSSTYLESS.COM (the "Infringing Domains").

22. The Infringing Domains cloned TBNR's website, using TBNR's trademarks, copyrights, and owner Arsement's likeness (TBNR's "Intellectual Property").

| TBNR's Website | Infringing Domain |
| --- | --- |



23. Additionally, Giay appears to have paid to advertise the Infringing Domains on the popular search engine "GOOGLE," which led to the Infringing Domains appearing above TBNR's website on the search engine.

6



***Porkbun's Selling of Infringing Domain Names***

24. Non-party Porkbun is a registrar, namely, an organization that is accredited to sell domain names.

25. Porkbun appears to be the register responsible for the sale or lease of the Infringing Domains to Giay.

***CloudFlare's Hosting of the Cloned Websites***

26. Non-party Cloudflare hosts the Infringing Domains, storing the data, images, and information visitors to the websites see.

***Giay's Refusal to Stop Operating the Cloned Websites***

27. Upon learning of the presence of the Infringing Domains, TBNR's counsel took the following action:

7

      a.      Filed a complaint with Cloudflare;

      b.      Filed a complaint with Porkbun; and

      c.      Filed UDRP Complaint No. D2021-2570 with the World Intellectual Property Organization ("WIPO").

28. In response to TBNR's initial actions, Giay modified the Infringing Domains to reflect a generic retail store, which no-longer used TBNR's Intellectual Property.

29. However, on or about August 14, 2021, Giay again modified the websites, returning the website at www.prestonsstyleez.com to the clone of TBNR's website.

30. TBNR took additional actions to remove the Infringing Domains, but they had the same result: Giay would temporarily modify the website only to return it to the clone a day or two later.

31. Giay's Infringing Domains display sales made from the website as a marketing tool. This evidence demonstrates that TBNR is losing business from the presence of the website.



32. Further, it is unclear whether Giay is fulfilling the orders received on the website. If the orders are not being fulfilled, Giay is simply stealing from TBNR's consumers—taking their money and providing them with no product. If the orders are filled, the quality of goods and customer service is not known and is out of TBNR's control. Accordingly, Giay's actions are causing and will continue to cause irreparable harm to TBNR's business and reputation.

## V.   CLAIMS FOR RELIEF

### A.   Trademark Cybersquatting in Violation of 15 U.S.C. § 1125(d)(1)

*TBNR's Mark is Distinctive and Entitled to Protection*

33. TBNR owns U.S. Trademark Registration No. 5108401 for the mark "PRESTONS STYLEZ." The Registration issued on December 27, 2016. The services listed in the registration are as follows: "On-line retail store services featuring clothing and accessories" in International Class 035.

34. TBNR is the owner of U.S. Trademark Registration No. 6158275, for the mark "PRESTONSSTYLES." The Registration issued on September 22, 2020. The services listed in the registration are as follows:  "On-line retail store services featuring clothing, clothing accessories, drinking bottles for sports, sports bottles, sold empty, lunch bags, not of paper, decals, toy stuffed animals, towels, blanket throws, mouse pads, mobile phone accessories, namely, hand grips, stands, and mounts adapted for handheld electronic devices, namely, smartphones, tablet computers, cameras, and portable sound and video players, mobile phone accessories, namely, devices specially adapted for attaching to cellphones for use in holding business cards, credit cards, or similarly shaped articles, sunglasses, eyewear for use while operating computers or other screened devices, backpacks, and duffel bags" in International Class 035.

35.     Both marks are registered on the Principal Register, providing a legal presumption of the registrant's ownership of the mark and its exclusive right to use the mark in commerce on or in connection with the services listed in the registration. 15 U.S.C. §§1057(b), 1115(a).  As marks on the Principal Register are considered distinctive, these marks are distinctive.  *See Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 372 F.3d 1330, 1340, 71 USPQ2d 1173, 1180 (Fed. Cir. 2004).

### Giay's Domain Names are Confusingly Similar to TBNR's Mark

36.     Defendant Giay's Infringing Domains are confusingly similar to TBNR's registered marks.  Specifically, Giay's domain names incorporate the same initial word as TBNR's marks, "PRESTONS," with two intentional misspellings of the second word.  In TBNR's marks, the second word is "STYLEZ," whereas Giay misspells that term to create "STYLESS" and "STYLEEZ."  Marks may be confusingly similar in appearance where similar terms or phrases or similar parts of terms or phrases appear in the compared marks and create a similar overall commercial impression.  *See Crocker Nat'l Bank v. Canadian Imperial Bank of Commerce*, 228 USPQ 689, 690-91 (TTAB 1986), *aff'd sub nom.*

37.     Accordingly, Giay is typo-squatting, the "registering [of] domain names that are intentional misspellings of distinctive or famous names." *S. Co. v. Dauben Inc.*, 324 Fed. Appx. 309, 312 (5th Cir. 2009) *citing Shields v. Zuccarini*, 254 F.3d 476, 483 (3rd Cir. 2001).

### Giay Registered the Domain Names with the Bad faith Intent to Profit from Them

38.     The Anti-Cybersquatting Consumer Protection Act (ACPA) provides a list of nine non-exhaustive factors to consider when analyzing bad faith. *S. Co.*, 324 Fed. Appx. at 314, *citing* 15 U.S.C. § 1125(d)(1)(B)(i).

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;

(II) the extent to which the domain name consists of the legal name of the [defendant] or a name that is otherwise commonly used to identify that [defendant];

(III) the [defendant]'s prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(IV) the [defendant]'s bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(V) the [defendant]'s intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(VI) the [defendant]'s offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the [defendant]'s prior conduct indicating a pattern of such conduct;

(VII) the [defendant]'s provision of material and misleading false contact information when applying for the registration of the domain name, the [defendant]'s intentional failure to maintain accurate contact information, or the [defendant]'s prior conduct indicating a pattern of such conduct;

(VIII) the [defendant]'s registration or acquisition of multiple domain names which the [defendant] knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

(IX) the extent to which the mark incorporated in the [defendant]'s domain name registration is or is not distinctive and famous within the meaning of subsection (c) of this section.

39. TBNR finds no evidence to support Giay having intellectual property rights in the domain name. Further, it does not appear to be Giay's name. Giay does not appear to be offering his own goods, nor does it appear that he has offered his own goods under the mark in the past. Though it is unclear whether Giay is satisfying orders placed on the Infringing Domains, any such

orders would almost certainly be counterfeit goods bearing the registered trademarks of TBNR. Giay also does not seem to have a legitimate or authorized fair-use of the mark.

40. Regarding the fifth factor, because Giay has cloned TBNR's website and seems to have paid a search engine to advertise the site, this supports Giay's intent to divert consumers from the mark owner's own online location by creating a likelihood of confusion with the mark of TBNR.

41. Regarding the seventh factor, Giay used a proxy service to register both domain names, making it difficult to identify Giay without taking legal action to remove the website. This fact supports the seventh factor.

42. Additionally, the eighth factor also supports a finding of bad faith. Giay has registered multiple domain names, both of which hope to capitalize on accidental misspellings of TBNR's domain name. Further, at all time since Giay registered the Infringing Domains, TBNR owned and maintained their registered trademark for the terms "PRESTONSSTYLEZ" and "PRESTONS STYLEZ." Accordingly, Giay is deemed to be on notice of TBNR's exclusive right to use those terms. *See* 15 U.S.C. §1072. Giay's registration of the Infringing Domains, paying for advertising of the sites, and cloning of the websites to make them indistinguishable from TBNR's website support a finding of bad faith.

43. Consequently, the above factors, when considered together, support Giay's bad faith in registering the Infringing Domain names.

44. TBNR is entitled to actual damages, profits, statutory damages, and attorney's fees.

**B.      Federal Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114(1)(a)**

45. TBNR's website includes multiple registered trademarks, including TBNR's stylized flame design (Reg. Nos. 6164145 and 6164180) and the previously referenced

registrations for "PRESTONSSTYLEZ" and "PRESTONS STYLEZ." Giay unauthorized use of these marks on their cloned website, their promotional materials, and advertising materials constitutes trademark infringement of these marks in violation of 15 U.S.C. § 1114(1)(a). Giay's use of marks is likely to cause, and on information and belief has actually caused, confusion, mistake, or deception in the market as to the source or origin of Giay's products and has falsely suggested that Giay's goods are sponsored or endorsed by, connected to, or affiliated with TBNR.

46. As a direct and proximate result of Giay's conduct, TBNR has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until Giay's actions are enjoined. Giay has no adequate remedy at law and has suffered irreparable injury and is, therefore, entitled to injunctive relief.

47. As a direct and proximate result of Giay's actions, TBNR has also suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

48. Giay's unauthorized use of these marks was and is knowing, deliberate, and willful. TBNR is, therefore, entitled to recover three times the amount of its damages as well as its attorneys' fees and costs incurred in this action.

**PRAYER FOR RELIEF**

Plaintiff TBNR, LLC prays for judgment against Defendant Giay as follows:

(a) Temporarily and permanently enjoining Giay and all persons or entities in active concern or participation with him from using, displaying, advertising, or selling services under, or otherwise during business using the PRESTONS STYLEZ, PRESTONSSTYLEZ, and the stylized flame marks, including all formative variations thereof, and from using any name confusingly similar to PRESTONS STYLEZ or PRESTONSSTYLEZ, including WWW.PRESTONSSTYLEEZ.COM and WWW.PRESTONSSTYLESS.COM;

(b) Actual, consequential, and special damages;

(c) Disgorgement of Giay's profits;

(d) Exemplary damages;

(e) Pre- and post-judgment interest;

(f) Reasonable and necessary attorneys' fees;

(g) Court costs; and

(h) Enter such other and further relief to which TBNR may be justly entitled.

*/s/ J. Heath Coffman*
J. Heath Coffman
State Bar No. 24059591
hcoffman@belaw.com
Lee B. Hunt
State Bar No. 24082257
lhunt@belaw.com

BRACKETT & ELLIS,
A Professional Corporation
100 Main Street
Fort Worth, TX  76102-3090
(817) 338-1700
FAX (817) 870-2265

**ATTORNEYS FOR PLAINTIFF TBNR, LLC**

1273432-v2/14380-081000